## MEEK v. ROBERTS (two cases).
### Nos. 7386, 7387.

Circuit Court of Appeals, Fifth Circuit.

Feb. 13, 1935.

Jas. B. Hubbard, of Corpus Christi, Tex., for appellant.

Felix A. Raymer, of Houston, Tex., and Gordon Boone, of Corpus Christi, Tex., for appellee.

Before FOSTER, SIBLEY, and HUTCHESON, Circuit Judges.

FOSTER, Circuit Judge.

These two cases were tried at the same time in the District Court and may be conveniently disposed of by one opinion.

It appears that appellee executed two promissory notes, payable to the order of M. K. Hunt, one for $500, due September 1, 1929, and secured by a lien on certain real estate, in the town of Gregory, Tex. The other note, unsecured, was for $1,000 and was due April 1, 1929. On December 31, 1930, Hunt pledged both notes and other collateral to the City National Bank & Trust Company of Corpus Christi as security for a loan. The bank wrote to appellee, Mrs. Roberts, on September 30, 1931, requesting that the interest on the notes be paid and stating that if that was done they would be willing to renew the notes from time to time and had the consent of Hunt to do so. This brought about an interview between appellee and Mr. Dyer, who was the trust officer of the bank, one of the firm of attorneys representing it, and also a friend of Mrs. Roberts, appellee. As a result of this interview Mrs. Roberts paid the interest on both notes up to October 5, 1931, the date of the interview, and the notes were extended by the bank for one year. The bank closed its doors on November 4, 1931 and appellant was appointed receiver. Thereafter, Hunt failed to pay off his loan and the pledge was foreclosed. Mrs. Roberts' notes were bought in by appellant, on September 15, 1933. The sale of the collateral left a balance owing on Hunt's loan. Thereafter, on October 13, 1933, appellant brought a suit at law (No. 7387) against Mrs. Roberts on the $1,000 note and a suit in equity (No. 7386) to foreclose the lien and collect the $500 note, alleging, in the alternative, an independent agreement on the part of Mrs. Roberts to pay the notes in consideration of an extension of one year.

Appellee pleaded the statute of limitations of four years (Vernon's Ann. Civ. St. Tex. art. 5527), and denied any agreement as to the extension of the notes or that she would pay them thereafter. The evidence was heard in open court before the judge and jury, and at its close the District Court concluded that appellant had failed to prove an agreement by Mrs. Roberts for an extension of the notes or a promise to pay them and sustained the plea of limitation. A verdict was directed for defendant in the suit at law, on which judgment was entered, and a like judgment was entered in the equity suit. As the cases present merely a question of fact, it is unnecessary to refer to the assignments of error specifically.

Mr. Dyer is the only person representing the bank with whom Mrs. Roberts had any dealings regarding the extension or payments of the notes. In substance, the material part of his testimony is that he was authorized to handle the transaction with Mrs. Roberts. She came to see him on October 5, 1931, and discussed with him a controversy she had with Hunt, payee of the notes, and told him that she objected to paying the $1,000 note. He told her that that controversy was between her and Hunt and not with the bank; that she owed the bank and it would carry her along on the notes until after the crop season in October, 1932. She paid the interest on both notes up to October 5, 1931. He told her he would extend them for a year from that date and she agreed. On cross-examination he was asked what had Mrs. Roberts said, and he replied that she said she felt she ought not to pay the notes, as Hunt had mistreated her by violating some contract, but she did not want to be sued and would pay the interest. He positively declined to say that Mrs. Roberts told him she would pay either the principal or the interest on the notes at the end of another year.

Mrs. Roberts testified and denied that she agreed to a renewal or an extension of the notes and denied that she promised to pay either the principal or interest of them. She also testified that she paid the interest up to October 5, 1931, only to stop a suit; that she had no idea of the future but did not want to be sued at that time. She was cross-examined as to a letter she had written to Dyer on September 22, 1933, in which she said: "Only a few more months and these notes will be five years old. I don't recall ever renewing them, but a short extension was granted * * *."

The case turns on whether Mrs. Roberts agreed to an extension of the notes and promised to pay them. The burden was on appellant to show that she did so. There is direct conflict in the testimony of Dyer and Mrs. Roberts as to whether she agreed to an extension of the notes. The notes were past due and could not be considered sound collateral in that condition. It is possible that

the bank may have decided to extend them without Mrs. Roberts' having agreed to it. The letter written by Mrs. Roberts in 1933 was no part of any agreement she may have made in 1931, and while admissible on cross-examination as tending to contradict her, it did not amount to an admission that she had agreed to the extension of the notes. There was no evidence at all to show that appellee agreed to pay either interest or principal on the notes after their extension. On the contrary, Dyer's testimony tends to show that she strongly objected to paying them. Her own testimony tends to show that she paid the interest up to October 5, 1931, only under duress of a threatened suit.

We agree with the conclusions of the District Court.

No reversible error appearing, the judgment in each case is affirmed.